Mr. Justice ThacheR
delivered the opinion of the court.
Monet instituted an action of detinue in the circuit court of Hancock county, to recover a slave from Graves. A verdict was rendered for Monet, and thereupon Graves sued out a writ of error.
In this case, there is either a diminution of the record, or, if perfect, it does not present legitimately all the facts as descanted upon by the counsel for the plaintiff in error in his brief. The first bill of exceptions extends to the close of the testimony in behalf of the plaintiff below. This bill of exceptions, although treated as having been signed by the court, as appears by rather an anomalous document in the record, filed as a protest of counsel against its being signed by the court, has not, in point of fact, the signature of the court. However the fact may be, we must be controlled by the record, and are therefore compelled to disregard the first bill of exceptions. The second bill of exceptions, in consequence of this defect of the record or circumstance in the case not containing the whole evidence of the cause, we are obliged to look at the case only with reference to such points as are prominent enough of themselves to raise a question respecting the propriety of the judgment. These points are the incidents, that the jury in their retirement were intruded upon by strangers to their body, and that one of their number, during their retirement, separated himself for a period from his fellows, as appears by the affidavits of some of the *48 jury. There is, however, no statement in the record that an improper or any influence was attempted upon the jury or the voluntary absentee, to procure the verdict rendered by them. Although both the circumstances were irregularities, and therefore reprehensible, they do not warrant the setting aside the verdict. Graham on N. T. 91, 92.
Judgment affirmed.